UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LaDEAN DANIELS, : | |
|     Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:13-cv-1371 (SRU) |
| : | |
| LEO ARNONE, et al., : | |
|     Defendants. : | |

INITIAL REVIEW ORDER

The plaintiff, LaDean Daniels, currently incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, has filed a complaint *pro se*. He names sixteen defendants in the case caption: Leo Arnone, Commissioner Jane Doe, Lynn Milling, Warden Chapterlane, Assistant Warden Murphy, Roy Weldon, Carl Lewis, Warden Murphy, Captain Manley, Correctional Officer Brisco, Correctional Officer Green, Correctional Officer Ramos, Correctional Officer Sweets, Assistant Warden Baites, Warden Erfe and Assistant Warden Faneuf. In the body of the complaint he also lists Lieutenant Ballaro as a defendant.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell*

*Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.      Allegations

In 2009, while he was in the custody of the Federal Bureau of Prisons as a state boarder, Daniels' sexual treatment score as a Connecticut inmate was raised to level 2.  The increase was attributed to several disciplinary reports received while in federal custody.  Daniels was not afforded notice or a hearing and was not told of the classification decision.

Daniels learned of the change in classification in January 2013, while he was confined at Osborn Correctional Institution.  He asked Assistant Warden Murphy why he was not afforded notice and a chance to appeal the decision.  When Daniels did not receive a response to his written request, he confronted Assistant Warden Murphy in the hallway.  In the presence of other inmates, Assistant Warden Murphy stated that the time for appeal had passed and that the designation of sex offender would remain.  Since then, Daniels has been treated adversely by other inmates.

Daniels was sent to segregation for thirty days on an allegedly fabricated charge.  An unidentified correctional officer told Daniels that he had been sent to segregation because he would not stop asking questions about his sexual treatment score; the warden and assistant warden knew that his rights had been violated and they did not want him to file a lawsuit.

Daniels alleges that he believes that defendant Ramos told other inmates that Daniels is a snitch and a rapist.  Daniels bases this conclusion on his assumption that defendant Ramos thinks that Daniels provided information to his supervisors regarding illegal activities within the correctional facility.

In March 2013, Daniels was transferred to MacDougall Correctional Institution ("MacDougall"), a level four facility.  Daniels was classified as a level three inmate.  Programs to help inmates adjust to re-entry into society were not provided at MacDougall.  Much of Daniels' property did not arrive at MacDougall.  Defendant Manley told Daniels that the missing property would be replaced.  Defendant Manley also told Daniels he had information that there was a threat to Daniels' life.  Daniels attributed this threat to defendant Ramos' comments.

On May 23, 2013, two inmates assaulted Daniels while Daniels was getting a haircut.  Daniels did not know the inmates or why he was being attacked.  Although the attack occurred in a room directly behind the officers' station, defendants Green and Brisco failed to come to the plaintiff's aid and did not call for assistance until at least ten minutes after the assault commenced.  Although Daniels alleges that he did not receive adequate medical care for his injuries, he has not named any medical staff as defendants.  Based on information he had gathered before Daniels arrived at MacDougall, defendant Manley told the plaintiff that the assault was a gang hit.  Defendant Manley told the plaintiff that the inmates had improperly gained access to the housing unit and that the plaintiff should not receive any disciplinary charges as a result of the incident.  Defendant Manley refused to permit the plaintiff to press outside charges against the inmates who had assaulted him.

The day after the assault, Daniels was transferred to Corrigan Correctional Institution.

On May 28, 2013, Lieutenant Ballaro told the plaintiff that he was being placed in segregation pending a disciplinary report from MacDougall. The disciplinary report for fighting was issued at the direction of the Assistant Warden at MacDougall. Defendant Sweet delivered the report beyond the twenty-four hours specified in the prison directives. Daniels entered a guilty plea because defendant Sweet told him that, if he did not, he would remain in segregation until the disciplinary hearing, the hearing would not take place for three weeks, he would be found guilty at the hearing, and he would receive harsher sanctions.

While at Corrigan, the Daniels again inquired about his sexual treatment score. He received documents suggesting to him that defendants Weldon and Assistant Warden Murphy had altered documents to suggest that Daniels has declined to attend a classification hearing.

II.    Analysis

The plaintiff asserts claims for violation of his First, Fifth, Eighth, Eleventh and Fourteenth Amendment rights as well as violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, the RA prohibits discrimination "solely by reason of her or his disability." 29 U.S.C. § 794(a). Daniels has not identified any program or service from which he has been excluded or denied benefits as a result of his disabilities. Indeed, he fails to identify the disability itself. The complaint contains one reference to his use of a cane. Because he has not identified any program or service and the court cannot consider how any of his claims

relate to any exclusion or denial based on a possible disability, Daniels fails to state a plausible claim for violation of the ADA and RA.  Those claims are dismissed pursuant to 28 U.S.C. § 1915A.

There are other defects regarding Daniels' remaining claims.  First, the complaint fails to comply with Rule 8's pleading requirements.  Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct."  *Id.* 8(d)(1).  The purpose of Rule 8 is "to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]"  *Ricciuti v. New York City Trans. Auth.,* 941 F.2d 119, 123 (2d Cir. 1991) (citation omitted).  In addition, "the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds."  *Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (citation and quotation omitted).  The plaintiff's statement of his claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'"  *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

Where a litigant does not comply with Rule 8's requirements, the court may strike any portion of the complaint that is redundant or immaterial pursuant to Rule 12(f).  *See* Fed. R. Civ. P. 12(f).  Alternatively, it may dismiss the complaint in its entirety in those cases "in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if

any, is well disguised." *Salahuddin,* 861 F.2d at 42.  In *Salahuddin*, for instance, the Second Circuit found "no doubt" that plaintiff's complaint, which "span[ned] 15 single-spaced pages and contain[ed] explicit descriptions of 20–odd defendants, their official positions, and their roles in the alleged denials of Salahuddin' rights, "failed to comply with Rule 8's "short and plain statement"requirement.  *Id.* at 43. Accordingly, the court stated that "the district court was within the bounds of discretion to strike **or dismiss** the complaint for noncompliance with Rule 8."  *Id.* at 43 (emphasis added); *see also Rosa v. Goord,* 29 F. App'x 735, 735 (2d Cir. 2002) (affirming dismissal of complaint and amended filings which "remained prolix and not susceptible of a responsive pleading").

In this case, the plaintiff's complaint is neither "short and plain," Fed. R. Civ. P. 8(a), nor "simple, concise, and direct," *id.* 8(d)(1).  The statement of facts contains 83 paragraphs and spans 27 pages.  Daniels relates events occurring at three different correctional facilities and includes claims for improper classification, failure to protect from harm, retaliation, denial of due process, fabricated disciplinary charges and deliberate indifference to safety.  He names sixteen defendants.  Even when viewed liberally, the remaining claims in the complaint fail to comply with Rule 8.

The plaintiff's complaint also does not comply with Rule 20's requirements governing party joinder.  Rule 20(a)(2) permits the joinder of multiple defendants in a single action if two criteria are met: (A) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and (B) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex*

*rel. Kehr v. Yamaha Motor Corp., U.S.A.,* 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted).  As the Second Circuit has observed in the Rule 13 context,[1] whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

In this case, the plaintiff includes discrete claims against several defendants.  For example, defendants Green and Brisco were slow to respond when Daniels was attacked by two other inmates; defendant Ramos is alleged to have identified Daniels as a snitch and rapist, thereby endangering his life in prison; defendant Sweet delivered a disciplinary report to Daniels at Corrigan and acted as the investigator on the disciplinary charges.   Although the plaintiff views all of his claims as deriving from his allegedly improper classification with a sex offender treatment score of 2, the claims do not "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences."  Fed. R. Civ. P. 20(a)(2).  Thus, the complaint fails to comply with Rule 20.[2]  The plaintiff should pursue the discrete claims in separate actions.

---

[1] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma,* 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted); *see also* 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (3d ed.).

[2] The court notes that Rule 20 is becoming increasingly important to district courts tasked with reviewing prisoner's complaints pursuant to 28 U.S.C. § 1915A.  As two commentators have noted:

> In the past, courts did not always pay much attention to this rule.  However, nowadays they are concerned that prisoners will try to avoid the filing fee and "three strikes" provisions of the Prison Litigation Reform Act (PLRA) by joining

Because the Second Circuit has expressed a preference for adjudicating cases on their merits, it will generally find failure to grant leave to amend an abuse of discretion where the sole ground for dismissal is that the complaint does not constitute a short and concise statement or comply with rules governing joinder.  *See, e.g., Salahuddin,* 861 F.2d at 42.

Accordingly, the plaintiff is hereby directed to file an amended complaint that complies with Rules 8 and 20 of the Federal Rules of Civil Procedure.  The amended complaint shall eliminate reference to the ADA or RA and will be due within **thirty (30) days** from the date of this order.  If the plaintiff wishes to proceed on unrelated claims, he may do so in separate actions.

The Clerk will send the plaintiff an amended complaint form with this order.  The plaintiff is cautioned that his amended complaint must include the names of all defendants in the case caption and comply with the instructions on the form, specifically the instructions concerning the requirements for a valid complaint.  If the amended complaint fails to comply with those instructions, the action will be subject to dismissal with prejudice.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)   The claims for violation of the ADA and RA are **DISMISSED** pursuant to 28

---

claims in one complaint that really should be filed in separate actions which require separate filing fees and would count as separate "strikes" if dismissed on certain grounds.

John Boston & Daniel E. Manville, Prisoners' Self-Help Litigation Manual 348 (4th ed. 2010) (collecting cases).  Indeed, if the court reviewed the plaintiff's complaint striking redundant or immaterial allegations, as opposed to dismissing the complaint in its entirety, the plaintiff would circumvent the PLRA's "three strikes" rule and filing fee requirements.

U.S.C. § 1915A.

(2) The plaintiff shall file an amended complaint or complaints within **thirty (30) days** from the date of this order. The amended complaint or complaints shall comply with Rules 8 and 20 of the Federal Rules of Civil Procedure.

**SO ORDERED** this 11th day of October 2013, at Bridgeport, Connecticut.

      /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge